```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

VICTORIA DEMTCHENKO, *et al.*,

                          Plaintiffs,

          -against-

DANIEL TUFFARELLI, *et al.*,

                         Defendants.

------------------------------------------------------------ x

**STIPULATION AND PROTECTIVE ORDER**

08 Civ. 861 (PKC)

      **WHEREAS**, plaintiffs have sought certain documents from defendants in discovery in this action, documents that defendants deem confidential, and

      **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiffs and defendants, as follows:

      1. As used herein, "Confidential Materials" shall mean the New York City Administration for Children's Services case record concerning plaintiffs (documents Bates stamped NYC A1-A872) and the information contained therein, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiffs from sources other than defendants, or (b) are otherwise publicly available.

      2. Plaintiffs' counsel shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in this action.

      3. Plaintiffs' counsel shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of plaintiffs' case in this action.

b. Disclosure before trial may be made only to the plaintiffs, to an expert who has been retained or specially employed by plaintiffs' attorney(s) in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiffs' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the litigation of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiffs' counsel and a copy shall be furnished to defendants' counsel upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper that incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
       June 13, 2008

SEGAL & GREENBERG LLP
Attorneys for Plaintiffs
179 Franklin Street
New York, NY 10013
(212) 297-0503
psegal@segal-greenberg.com

By: _____
    Philip C. Segal

Subject to Addendum

SO ORDERED: _____
HON. P. KEVIN CASTEL, U.S.D.J.
6-17-08

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-301
New York, NY 10007
(212) 788-0908
tgantz@law.nyc.gov

By: _____
    Toni Gantz
    Assistant Corporation Counsel

- 3 -

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order dated June 13, 2008 and entered in the United States District Court for the Southern District of New York in the action entitled <u>Demtchenko v. Tuffarelli</u>, 08 Civ. 861 (PKC), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the litigation of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____              _____
         Date                                   Signature

                                     _____
                                            Print Name

                                     _____
                                            Occupation

- 4 -

ADDENDUM TO
STIPULATION AND PROTECTIVE ORDER
DEMTCHENKO v. TUFFARELLI
08 Civ. 861 (PKC)

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY
June 17, 2008