UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

VICTORIA DEMTCHENKO, *et al.*,

                                                        Plaintiffs,          **ANSWER TO AMENDED**
                -against-                                               **COMPLAINT**

DANIEL TUFFARELLI, *et al.*,                           08 Civ. 861 (PKC)

                                                     Defendants.

---------------------------------------------------------------- x

        Defendants, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint dated April 28, 2008, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein, that infant plaintiffs E.D. and A.D. were removed from the custody of plaintiffs Victoria Demtchenko and Robert Byrd for five days and six nights, and that a child protective proceeding involving plaintiffs began thereafter in the New York County Family Court. Defendants affirmatively aver that the child protective proceeding resulted in findings that plaintiffs Demtchenko and Byrd had educationally and medically neglected plaintiffs E.D. and A.D. Defendants respectfully refer the Court to the Appellate Division decision cited in paragraph "2" of the Amended Complaint for a complete and accurate statement of its holdings.

        3.     Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

-2-

4.      Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiffs purport to lay venue in this judicial district as stated therein.

6.      Admit the allegations set forth in paragraph "6" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to where plaintiffs currently reside.

7.      Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein and that Daniel Tuffarelli was employed by the New York City Administration for Children's Services ("ACS") as a Child Protective Specialist during the child protective proceeding involving plaintiffs that commenced in October 2006.

8.      Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein, and that Eric Sanford was employed by ACS as a supervisor during the child protective proceeding involving plaintiffs that commenced in October 2006.

9.      Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein and that Rodney Jackson was employed by ACS as a Child Protection Manager when the child protective proceeding involving plaintiffs commenced in October 2006.

10.     Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein and that Ercan Aydin was employed by the New York City Police Department as a Police Officer on October 27, 2006.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein and that Edward McGann was employed by the New York City Police Department as a Police Officer on October 27, 2006.

12. Admit the allegations set forth in paragraph "12" of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint, except admit that plaintiff Byrd worked as a tour guide on October 30, 2006.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint, except admit that plaintiff E.D. has been diagnosed with autism.

16. Admit the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint, except admit that plaintiff Demtchenko was unable to get plaintiff E.D. to Brooklyn Blue Feather Elementary School ("Brooklyn Blue Feather") on multiple occasions.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint, except admit that plaintiff E.D. resided at 320 East 49th Street, New York during his attendance at Brooklyn Blue Feather, that Dr. Kevin Charlotten wrote a letter regarding E.D.'s commute based on E.D.'s reported

behaviors during the bus ride, and that plaintiff Demtchenko reported to Brooklyn Blue Feather that she was having difficulties getting plaintiff E.D. on the bus to school.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint, except admit that plaintiff Demtchenko spoke with E.D.'s head teacher regarding getting E.D. to school.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the conversation, if any, that plaintiff Demtchenko had with the school psychologist regarding the bus ride.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit upon information and belief that plaintiffs Demtchenko and Byrd have a report, which was received by the Central Register of the New York State Office of Children and Family Services ("State Central Register") in July 2006, of suspected abuse or maltreatment and subsequent investigation and determination with the State Central Register, and respectfully refer the Court to New York Social Services Law Section 422 for a full and accurate description of procedures and prohibitions related to the disclosure of this report and its contents.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to what efforts, if any, plaintiff Demtchenko made involving individuals outside of Brooklyn Blue Feather related to plaintiff E.D.'s attendance at school, and admit that ACS referred plaintiffs to and plaintiffs received services from YAI/National Institute for People with Disabilities.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint, except admit that plaintiff Demtchenko consulted an education lawyer.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint, except admit that plaintiff E.D. was attending the Rebecca School as of December 4, 2006, and that the Rebecca School is located at 40 East 30th Street, New York, New York.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint, except admit that a clinical psychologist who conducts periodic evaluations of plaintiff E.D. for school placement purposes testified on March 21, 2007 in the New York County Family Court regarding plaintiff Demtchenko, and respectfully refer the Court to the transcript of that proceeding for a complete and accurate statement of its contents.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint, except admit that plaintiff E.D. did not attend school on October 26, 2006, and that plaintiff Demtchenko told Linda Perez that E.D. was not in school because he had fallen down the stairs the previous day and was limping.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint, except admit that plaintiff Demtchenko testified in New York County Family Court on March 30, 2007 regarding what she had told Ms. Perez, and respectfully refer the Court to the transcript of that proceeding for a complete and accurate statement of its contents.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint, except admit that defendant Daniel Tuffarelli was assigned by ACS to investigate a report of suspected child abuse/maltreatment involving plaintiffs and that he visited plaintiffs' residence on the evening of Friday, October 27, 2006 to investigate that report.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint, except admit that plaintiff Byrd arrived at the apartment after defendant Tuffarelli and later asked defendant Tuffarelli to leave.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint, except admit that defendant Tuffarelli returned to plaintiffs' home accompanied by defendants

Ercan Aydin and Edward McGann after having consulted with defendants Eric Sanford and Rodney Jackson regarding an emergency removal of plaintiffs E.D. and A.D., and that plaintiffs E.D. and A.D. were removed without plaintiffs' consent or prior court authorization.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint, except admit that defendant Tuffarelli filed petitions regarding plaintiffs pursuant to Article 10 of the Family Court Act in the New York County Family Court on Monday, October 30, 2006.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint, except admit that plaintiffs Demtchenko and Byrd appeared in Family Court on October 30, 2006 for a hearing, and that on November 2, 2006, the New York County Family Court paroled plaintiffs E.D. and A.D. to plaintiffs Demtchenko and Byrd under certain conditions, and respectfully refer the Court to the transcript of the proceedings held on October 30, 2006, October 31, 2006, and November 1, 2006, and the Parole Order issued by the Family Court on November 2, 2006, for a complete and accurate statement of their contents.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint, except admit that the child protective proceeding continued, and respectfully refer the Court to the Appellate Division decision cited therein for a complete and accurate statement of its holdings.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint, except admit that notices of claim were served on the City of New York Comptroller's Office on or about January 19, 2007 and December 20, 2007 and that defendants have made no payment to plaintiffs concerning these notices of claim.

44. Repeat each and every assertion set forth in paragraphs "1" through "43" above as though fully restated herein, and deny the allegations set forth in paragraph "44" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Repeat each and every assertion set forth in paragraphs "1" through "43" and "46" above as though fully restated herein, and deny the allegations set forth in paragraph "47" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Repeat each and every assertion set forth in paragraphs "1" through "43" and "46" above as though fully restated herein, and deny the allegations set forth in paragraph "51" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54. Repeat each and every assertion set forth in paragraphs "1" through "43" and "46" above as though fully restated herein, and deny the allegations set forth in paragraph "54" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Amended Complaint.

56.    Deny the allegations set forth in paragraph "56" of the Amended Complaint.

### AS AND FOR A FIRST DEFENSE:

57.    Plaintiffs fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

58.    The Court lacks subject matter jurisdiction over some or all of plaintiffs' claims.

### AS AND FOR A THIRD DEFENSE:

59.    Defendants exercised reasonable care and breached no duties.

### AS AND FOR A FOURTH DEFENSE:

60.    Injuries alleged in the Amended Complaint were caused, in whole or in part, by the culpable or negligent conduct of plaintiffs and/or persons other than defendants.

### AS AND FOR A FIFTH DEFENSE:

61.    Defendants are qualifiedly and/or absolutely immune from suit.

### AS AND FOR A SIXTH DEFENSE:

62.    Punitive damages cannot be ordered against some or all of the defendants.

### AS AND FOR A SEVENTH DEFENSE:

63.    At all times relevant to the acts alleged in the Amended Complaint, defendants acted reasonably, properly, lawfully, and in good faith.

### AS AND FOR AN EIGHTH DEFENSE:

64.    Defendants did not violate any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**WHEREFORE**, defendants request judgment dismissing the Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	June 19, 2008

				MICHAEL A. CARDOZO
				Corporation Counsel of the City of New York
				Attorney for Defendants
				100 Church Street, Room 2-301
				New York, N.Y. 10007
				(212) 788-0908
				Fax: (212) 788-0940
				tgantz@law.nyc.gov

				By: _____s/_____
				     Toni Gantz
				     Assistant Corporation Counsel

To:	Philip C. Segal, Esq.
	Segal & Greenberg LLP
	179 Franklin Street
	New York, NY 10013
	(via ECF)